UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AGUSTIN VARGAS LOPEZ,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. 2:26-cv-02509-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. ORDER

Petitioner is a citizen of Mexico who has lived in the United States for decades after entering without inspection. Dkt. 9 ¶ 4; Dkt. 10 at 5. On June 16, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in Yakima, Washington. Dkt. 9 ¶ 10. That same day, the National Records Center informed Respondents that Petitioner's "A-file," i.e., records of any previous immigration proceedings, was missing. Dkt. 9 ¶ 5. Relying on secondary records, Respondents state that Petitioner has several criminal convictions, including possession of narcotics in 1989 and using a firearm during a drug crime in 1992. *Id.* ¶ 6–8. According to these secondary records, Petitioner was deported to Mexico on June 26, 1996, after which he apparently returned to this country at an unspecified time. *Id.* ¶ 10.

Petitioner is currently detained in the Northwest ICE Processing Center in Tacoma, Washington. *Id.* ¶ 11. On July 30, 2026, Petitioner filed this petition for a writ of habeas corpus arguing that he is a member of the *Rodriguez-Vazquez* Bond Denial Class and is therefore entitled to a bond hearing before an Immigration Judge ("IJ"). Dkt. 3 at 3. However, instead of a bond hearing, Petitioner requests that the Court order his immediate release, asserting that a bond hearing would be futile because of the missing A-file. Dkt. 10 at 2.

On August 14, Respondents filed their response in which they concede that the Petitioner is a Bond Denial Class member under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Dkt. 8 at 2. Respondents also concede that as a class member, Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. *Id*. Respondents argue that immediate release is not the appropriate relief for a *Rodriguez Vazquez* class member. *Id*. On August 19, Petitioner filed a traverse, Dkt. 10, and on August 31, this matter was reassigned to the Court.

The Court agrees with the parties that the Petitioner is a Bond Denial Class member under *Rodriguez Vazquez*. The Court also agrees, as a general matter, with Petitioner's assertion that "[t]he Government's inability to produce the records necessary to proceed cannot justify continued incarceration . . . ." Dkt. 10 at 6. But Petitioner has cited no legal authority that would require his release simply because his A-file is missing. Nor has he shown how the absence of records from his previous removal proceedings would impact his ability to present evidence about why he should be given bond now. Despite the missing historical records, Petitioner does not dispute that he is subject to removal proceedings under Section 1226(a). Under that statute, Petitioner is entitled to a bond redetermination hearing, not release.

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within seven days of receiving Petitioner Agustin Vargas Lopez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a). Petitioner must request a bond hearing to receive this relief.

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer before filing a petition.

Dated this 8th day of September, 2026.

Tiffany M. Cartwright
United States District Judge